1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

MICHAEL H. MIROYAN,

10                          Plaintiff,          Case No.  16-cv-00958-JCS (PR)

11           v.

12                                              **ORDER OF DISMISSAL**

STEPHEN MANLEY, et al.,

13                          Defendants.

14

15

16                              **INTRODUCTION**

17           Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil

18   rights action under 42 U.S.C. § 1983 in which he raises claims against a state judge in

19   whose criminal court plaintiff appeared as a defendant, and against his court-appointed

20   attorney.  After reviewing his allegations pursuant to 28 U.S.C. § 1915(e), the Court

21   DISMISSES the complaint.[1]

22                              **DISCUSSION**

23   **A.      Standard of Review**

24           In its initial review of this pro se complaint, this Court must dismiss any claim that

25   is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks

26   _____

27   [1] Plaintiff consented to magistrate judge jurisdiction.  (Docket No. 3.)  The magistrate
     judge, then, has jurisdiction to issue this order, even though defendants have not been
28   served or consented to magistrate judge jurisdiction.  *See Neals v. Norwood*, 59 F.3d 530,
     532 (5th Cir. 1995).

*United States District Court*
*Northern District of California*

monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that (1) state court judge Stephen Manley violated his constitutional rights by assigning Francis Cole as his attorney, declaring him mentally ill, ordering him to take his medications, and disallowing bail; and (2) his court-appointed attorney Francis Cole violated his constitutional rights through committing malpractice and having a conflict of interest.  Neither set of allegations states a claim for relief under § 1983.

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (ruling on a motion and exercising control over a courtroom are normal judicial functions, e.g., judge who denied disability accommodation to litigant was absolutely immune).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in

*United States District Court*
*Northern District of California*

excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity is not overcome by allegations of bad faith or malice); *Sadorski v. Mosley*, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity).

The doctrine of judicial immunity does not bar claims for injunctive relief in § 1983 actions. S*ee Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  However, § 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Claim 1 is DISMISSED.  All of the actions described by plaintiff (denying bail, appointing an attorney) are acts performed in Manley's judicial capacity and he is therefore immune to any claims for money damages, despite plaintiff's allegations of bad faith and malice.

Any claims for injunctive relief are also DISMISSED.  Plaintiff has not alleged, nor is there anything in the complaint to support an inference, that a declaratory decree was violated, or that declaratory relief was unavailable.  Under these circumstances, Manley is immune from claims for injunctive relief.

Claim 2 is also DISMISSED.  Cole, whether a private or a court-appointed attorney or a public defender, is not liable under § 1983.  Private actors are not liable under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Also, a state-appointed defense attorney "does not qualify as a state actor when engaged in his general representation of a criminal defendant."  *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).  *Polk County* "noted, without deciding, that a public defender may act under color of state law while performing certain administrative [such as making hiring and firing decisions], and possibly investigative, functions."  *Georgia v. McCollum*, 505 U.S. 42, 54 (1992) (citing *Polk*

United States District Court
Northern District of California

*County*, 454 U.S. at 325).  Because Cole does not qualify as a state actor under § 1983, plaintiff's allegations fail to state a claim for relief.

It appears that plaintiff believes his detention in state custody is unconstitutional. If he wishes to pursue a federal challenge to his custody, he may file a federal habeas action.

### CONCLUSION

Plaintiff's claims are DISMISSED.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  May 6, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL H. MIROYAN,

          Plaintiff,

     v.

STEPHEN MANLEY, et al.,

          Defendants.

Case No.  16-cv-00958-JCS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael H. Miroyan ID: ID: ATT211
Elmwood Correctional Facility
701 S Abel Street
Milpitas, CA 95035

Dated: May 6, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO